IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RYAN LEE Sr.,** *as Special Representative and Special Administrator of the Estate of Norris Hardimon, deceased,* | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 25-CV-0193-SMY |
| vs. | )<br>)<br>) |
| **GRANITE NURSING & REHABILITATION CENTER, LLC,** | )<br>)<br>) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Ryan Lee, Sr., as Special Representative and Special Administrator of the Estate of Norris Hardimon, deceased, filed this negligence action in the Circuit Court of Madison County, Illinois, against Defendant Granite Nursing & Rehabilitation Center, LLC. Defendant removed the action to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1). Now pending before the Court is Plaintiff's motion for jurisdictional discovery (Doc. 9). For the following reasons, Plaintiff's motion is **DENIED**.

On December 30, 2024, Plaintiff Ryan Lee Sr., representing the estate of Norris Hardimon, filed a negligence and wrongful death lawsuit in Madison County, Illinois, against Granite Nursing & Rehabilitation Center, alleging inadequate care provided to Hardimon between September 12 and December 28, 2022. Defendant was served on January 14, 2025. On February 10, 2025, Defendant removed this action to this Court.

"A defendant has the right to remove a case from state to federal court when the federal court could exercise jurisdiction in the first instance." *Oshana v. Coca-Cola Co.*, 472 F.3d 506,

510 (7th Cir. 2006) (citing 28 U.S.C. § 1441). However, the party asserting federal jurisdiction carries the burden of establishing, by a preponderance of evidence, that jurisdiction exists. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006).

In his motion, Plaintiff argues that Defendant's notice of removal merely "asserts that its members are citizens of New York" without providing "sworn affidavits or supporting documents." Although affidavits are not required to establish citizenship, Defendant has submitted affidavits from its members. Specifically, the affidavits from Norbert Bennett and Donald Denz confirm that Defendant's members are citizens of New York.

Given Defendant's sufficient allegation concerning its citizenship and the amount in controversy exceeding $75,000, this Court has jurisdiction. *Page v. Democratic National Committee*, 2 F.4th 630, 636 (7th Cir. 2021).

For the foregoing reasons, the Plaintiff's motion for jurisdictional discovery (Doc. 9) is **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED: April 10, 2025**

**STACI M. YANDLE**
**United States District Judge**